**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**IENRY CASHIERIA LOVING**                                            **PLAINTIFF**

**V.**                                                  **CIVIL ACTION NO.1:19-CV-147-DAS**

**COMMISSIONER OF SOCIAL SECURITY**                               **DEFENDANT**

**FINAL JUDGMENT**

This cause is before the court on the plaintiff's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

The plaintiff contends that the ALJ erred at Step 3 when he failed to consider whether Loving's chronic venous insufficiency met Listing 4.11 (20 C.F. R. Pt. 404, Subpt. P, App. 1 § 4.11). The Commissioner concedes error under *Audler v. Astrue,* 501 F. 3d 446 (5th Cir. 2007). In *Audler*, the Fifth Circuit Court of Appeals held an ALJ must explain Step 3 decisions because a bare conclusion that a listing is not met is not sufficient to allow meaningful judicial review. In this case, the ALJ never mentioned the chronic venous insufficiency or the applicable listing at Step 3. This listing requires "incompetency or obstruction of the deep venous system" and "(B) Superficial varicosities, stasis dermatitis, and either recurrent ulceration or persistent ulceration that has not healed following at least 3 months of prescribed treatment." Listing 4.11.

The Commissioner argues the error is harmless because the plaintiff failed to show he meets the listing. Though the plaintiff has suffered recurrent ulcerations, including one that took five months to heal, the Commissioner argues Loving's ulceration took so long to heal because he failed to adhere to the prescribed treatment. Consequently, the government argues the proof in the record does not show he meets the listing. However, the court sees that as a *post hoc* rationalization where it appears the ALJ did not, in fact, make any decision.

The court also rejects the Commissioner's argument that the court can find *Audler* error is prejudicial only if the court can render a decision at Step Three. As the plaintiff correctly points out, a listing can be met not only where the plaintiff's condition precisely matches the listing, but also if the plaintiff's condition is found to be medically equivalent to the listing. On remand, the ALJ shall decide whether the plaintiff meets Listing 4.11 or finds the plaintiff's impairment(s) equals the listing and explain the decision.

Finally, the plaintiff argues the RFC is not based on a reasonable interpretation of the medical records and that the ALJ erred in giving no weight to the opinions of the nurse practitioner who was Loving's primary care provider. The ALJ instead accepted the opinions of the non-examining physicians. Though the nurse practitioner was not an acceptable medical source under then applicable regulations, the plaintiff has made several compelling arguments why the ALJ erred in giving no weight to her opinions, but the court decides only one. The ALJ dismissed a medical source report in the record that adopted the nurse practitioner's findings and opinions, and appears to be signed by a physician. The ALJ dismissed the report simply noting the signature was illegible. If this report is signed by a physician, it would be from an acceptable medical source, and the ALJ therefore erred in rejecting the opinions without

explanation. On remand, the Commissioner is directed to recontact the medical provider to identify the person signing the document and reconsider the RFC determination, in light of this report and its source.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

**SO ORDERED AND ADJUDGED** this the 30th of March, 2020.

**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**